## James Dugan *vs.* Jeremiah Mahoney.

If a witness, on looking at a memorandum made by him at the time, is able from it to testify to the delivery of goods, the testimony is admissible, though he has no present memory of the transaction, and the memorandum itself has been held incompetent.

Contract brought to recover for goods sold and delivered. At the trial in the superior court, before *Putnam,* J., a verdict was returned for the plaintiff, under circumstances stated in the opinion. The defendant alleged exceptions.

*G. A. Somerby,* for the defendant.

*S. Lincoln, Jr.,* (*S. B. Ives, Jr.,* with him,) for the plaintiff.

Hoar, J. The position assumed in support of the exceptions is a very narrow one, and is confined to the objection taken to the instructions of the court. Two witnesses were called to prove the delivery of numerous parcels of goods, consisting of rolls of leather. Neither of them had any recollection of the transaction. But one of them by looking at a memorandum book, in which were entries made by himself in the ordinary and regular course of business, was able to testify that he received from the plaintiff the twelve rolls of leather in question, and forwarded them to the defendant; and the other, by looking at certain checks which he had made in a memorandum book,

Dugan *v.* Mahoney.

testified positively that he knew he had delivered them. The books were first offered in evidence, and were rejected by the court upon the defendant's objection. The court instructed the jury in substance that they might consider the means of knowledge which the witnesses had. That they might consider their testimony, even though they testified that they did not remember, as matter of fact, the delivery of the goods, but were willing to swear that the leather was delivered, because they kept the books and found the leather checked upon the books and knew that it would not be so checked unless it had been delivered ⋅ and that though the contents of the books were not competent evidence, yet they had the right to take into consideration the fact that such books were kept by them, and entries made by them, in the usual course of their business.

The objection to this instruction which is urged in argument is, that, the books having been excluded as evidence, and the witnesses not remembering the fact of delivery, there was no competent evidence to prove the delivery of the goods for the jury to consider ; and that for the court to tell them that they might regard the fact that books were kept and entries made, was in effect to allow the jury to give weight as evidence to the contents of books which had been previously ruled out.

But we think the ruling was clearly correct. When the books were offered as independent evidence they were rejected. Whether, after the testimony of the witnesses was given, they would not have been competent evidence, we need not consider. But no objection was made to the use of the books by the witnesses to aid their recollection. The testimony of the witnesses was not excepted to, and was before the jury. The defendant then had a right to have the books shown to the jury, and to cross-examine upon them, if he desired it. But he did not. The testimony of the witnesses to their positive knowledge of the fact in issue, and their means of knowledge, were legitimately before the jury, and of course the jury must consider them. Why should they not ?.

The rule is thus stated by Mr. Greenleaf, in his treatise on Evidence, when giving the different classes of cases in which

writings may be shown to witnesses to aid their recollection : " Where the witness recollects having seen the writing before, and, though he has now no independent recollection of the facts mentioned in it, yet he remembers that at the time he saw it, he knew the contents to be correct. In this case the writing itself must be produced in court, in order that the other party may cross-examine; not that such writing is thereby made evidence of itself, but that the other party may have the benefit of the witness's refreshing his memory by every part." 1 Greenl. Ev. § 437. And see cases there cited. It is obvious that this species of evidence must be admissible in regard to numbers, dates, sales and deliveries of goods, payments and receipts of money, accounts, and the like, in respect to which no memory could be expected to be sufficiently retentive, without depending upon memoranda; and even memoranda would not bring the transaction to present recollection. In such cases, if the witness on looking at the writing is able to testify that he knows the transaction took place, though he has no present memory of it, his testimony is admissible. A similar rule is applied to attesting witnesses, who, if they know from seeing their handwriting that they witnessed the execution of the instrument, may so testify; although the sight of the handwriting does not bring to their recollection even the fact of attestation. *Rex* v. *St. Martin's* 2 Ad. & El. 210. *Crittenden* v. *Rogers*, 8 Gray, 452.

*Exceptions overruled.*